IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LEE HARLOW ANDRE,<br><br>    Plaintiff,<br><br>vs.<br><br>CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, et al.,<br><br>    Defendants. | No. 4:06-cv-00574-JEG<br><br>**O R D E R** |

    The pro se Plaintiff, Lee Harlow Andre, filed a complaint in this court on December 4, 2006, against the Church of Jesus Christ of Latter Day Saints (the Church) and three individual Defendants:  Robert C. Oaks, Robert W. Nye, and Bryan M. Arzani.  Andre alleges that Arzani inflicted upon him serious bodily injury during an altercation at the Church facilities in Osceola, Iowa, and asks the Court to order compensation for his medical expenses and loss of income resulting from the alleged incident.

    The case has not progressed beyond the issuance of summons and scheduling of the Rule 16 dismissal deadlines.  Even at this early juncture, however, a consideration of jurisdiction is appropriate.  See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004) ("the court may, at any time, raise the issue of subject matter jurisdiction").  When a case clearly falls outside federal court jurisdiction, the Court seeks to promptly avoid unnecessary time and expense both for the Court and for the pro se Plaintiff.  Therefore, the Court routinely examines all new case filings to determine that a basis for federal jurisdiction has been, or may be, alleged.

    "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The powers of the federal judiciary are of Constitutional or

statutory origin and may not be expanded by judicial decree.  Id.  A case or controversy is presumed to be outside the jurisdiction of the federal courts until the party asserting jurisdiction demonstrates otherwise.  Id.

Subject matter jurisdiction is a restriction on federal power and cannot be altered by consent, waiver, or estoppel.  Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).  The Court is not only permitted to raise the issue of subject matter jurisdiction sua sponte but in fact is obligated to ensure itself of proper jurisdiction at every stage of litigation.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) (federal courts "are under a continuing duty to satisfy themselves of their jurisdiction before proceeding to the merits of any case"); In re Wolverine Radio Co., 930 F.2d 1132, 1137 (6th Cir. 1991) ("the federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them").

Andre is proceeding pro se.  The Complaint form he completed instructed him not to make legal arguments or cite cases or statutes.  Accordingly, the Court is mindful that it must construe Andre's pleading liberally in searching out potential bases for jurisdiction.  See Haines v. Kerner, 404 U.S. 519, 596 (1972) (allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"); Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006) (same).

The basic statutory grants of subject matter jurisdiction are 28 U.S.C. §§ 1331 and 1332, which deal with federal question and diversity jurisdiction, respectively.  Andre indicated on the civil cover sheet that he believes his case is based on federal question jurisdiction.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule."

Aetna Health, Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983)).  This means a case arises under federal law for jurisdictional purposes if the face of the complaint discloses a federal question.  Id.

      The Court has reviewed Andre's Complaint and is unable to find any allegation that would indicate the presence of a federal question, even under the most liberal reading.  His Complaint asserts that Arzani physically injured him in the Church facilities in Osceola, Iowa, on December 4, 2004.  He states the cause of action is "assault causing serious injury."

      Even assuming that Andre may be trying to raise federal civil rights claims, the Court is without subject matter jurisdiction because the Defendants are clearly private actors.  The Constitution does not provide a cause of action for injuries caused by individuals who are not acting for state or local government.  See Montano v. Hedgepeth, 120 F.3d 844, 848 (8th Cir. 1997) ("42 U.S.C. § 1983 provides legal redress to individuals who suffer violations of their federal rights at the hands of any 'person' who acts 'under color' of state law.").  No allegation in the Complaint indicates that the Church or any individual defendant was acting under color of state law, and in fact the allegations of the Complaint suggest the contrary.

      Essentially, Andre has pled a state-law tort claim against private actors.  Accordingly, even a liberal construction of the Complaint fails to disclose the potential for a claim that arises under federal law or presents a substantial question of federal law and, as such, there is no basis for federal question jurisdiction.

      Although not alleged, in reading a pro se action liberally the Court also considers the possibility of jurisdiction based upon diversity of citizenship.  Title 28 U.S.C. § 1332 grants federal district courts original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  Plaintiff Andre is a resident of Dubuque,

Iowa, and he alleges that two of the individual defendants are also Iowa residents. The complete diversity that is required as to Plaintiffs and Defendants is absent, and jurisdiction under section 1332 therefore does not exist. In the absence of complete diversity of citizenship, the Court need not address whether the jurisdictional amount of $75,000.00 has been alleged or inferred.

Having examined the record, the Court is convinced it is without power to adjudicate Andre's claims. Once a court determines that it lacks subject matter jurisdiction over a case, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Mr. Andre should not incur any further expense in obtaining service of the Complaint upon the Defendants or otherwise pursuing a claim in this Court, over which this Court has no jurisdiction. Accordingly, the instant case must be **dismissed** for lack of federal subject matter jurisdiction. The Clerk of Court is directed to refund the filing fee to Mr. Andre.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2006.

JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT